IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS M. BUSH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0434-WS-B |
| | ) |
| FEDERAL HOME LOAN MORTGAGE | ) |
| CORPORATION, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion to enforce settlement agreement. (Doc. 19). The plaintiff has filed a response and the defendants a reply, (Docs. 21, 22), and the motion is ripe for resolution.[1]

The complaint names Thomas M. Bush as the sole plaintiff. (Doc. 1-1 at 7). The body of the complaint repeatedly identifies Bush by name as the sole plaintiff, and the pleading demands relief expressly and solely in favor of Bush. (*Id*. at 7, 11, 12, 13, 15). The seven counts of the complaint are for: (1) void foreclosure; (2) breach of contract; (3) breach of fiduciary duty; (4) money had and received; (5) negligence; (6) wantonness; and (7) fraudulent concealment of a cause of action. (*Id*. at 10-13).

On February 3, 2021, defense counsel offered to settle the action for a certain sum, in exchange for a full release of all claims asserted against the defendants and dismissal of this action with prejudice. (Doc. 18-1 at 3). On February 16, 2021, plaintiff's counsel responded, "I have been intending to contact you today to accept both offers. I finally heard from both clients late yesterday confirming their intentions to accept the offers. Please proceed with the proposed settlement agreement." (Doc. 18-2 at 2).[2] Plaintiff's

---

[1] For reasons stated therein, the defendants' motion for leave to file evidentiary submission under seal, (Doc. 17), is **granted**.

[2] The plural terms "clients" and "offers" were used because counsel were negotiating settlement of both this case and a second, unrelated case. (Doc. 18-5 at 2, 4).

counsel re-confirmed the plaintiff's acceptance of the settlement offer on March 25, 2021.  (Doc. 18-5 at 2).

On March 30, 2021, plaintiff's counsel forwarded to defense counsel an instrument purporting to transfer from Bush to a third party ("Asset") all of Bush's interest in the real property made the basis of his action.  The conveyance is dated July 2019 – several years after the conduct on which the lawsuit is based and over a year before this action was filed.  (Doc. 18-6 at 11-12).  The same day, plaintiff's counsel wrote to defense counsel, "Please edit the Bush settlement agreement to identify Asset Preservation, LLC as his successor in interest per the attached Conveyance."  (*Id*. at 2).  Defense counsel edited the settlement agreement to make Asset an additional signatory, along with the plaintiff.  (Doc. 18-7 at 3).  On April 22, 2021, plaintiff's counsel insisted the settlement agreement be revised to "omit the signature of Thomas Bush as he has sold, conveyed or assigned all of his interest to Asset thereby making Asset the entity with sole authority to settle the litigation."  (*Id*. at 2).

According to the plaintiff, he cannot be required to execute the settlement agreement because he assigned all his right and interest in the realty to Asset before filing suit, making him a plaintiff "in name only."  (Doc. 21 at 1, 2).  The real plaintiff in interest, he says, is Asset, which properly "chose to bring suit in the name of [its] assignor, Bush."  (*Id*. at 3).  It is obvious from the face of the complaint, however, that this is not a representative action.  As noted, the plaintiff is "Thomas M. Bush," not "Thomas M. Bush, for the benefit of Asset Preservation, LLC," or words to that effect.  Moreover, relief is sought exclusively for Bush, not for Asset.  Even in the brief filed in opposition to the instant motion, the singular plaintiff is expressly identified as "Thomas M. Bush."  (Doc. 21 at 1).  As a matter of law, the sole plaintiff in this action is Bush for the benefit of Bush.  Even if the plaintiff actually and legally assigned to Asset all the claims he has asserted in this lawsuit,[3] such that he personally has no enforceable rights

---

[3] That is an unlikely proposition.  The defendants rely on *Thomas v. Auto-Owners Insurance Co*., 479 F. Supp. 3d 1218 (M.D. Ala. 2020), for the proposition that, "[i]n Alabama,

in the subject matter of this litigation, the unquestioned facts remain that he himself sued the defendants and that he himself has agreed to settle his claims, however bogus.

A settlement agreement is a contract and subject to ordinary rules regarding the formation and enforcement of contracts. *E.g., Jones v. Bullington*, 401 So. 2d 740, 741 (Ala. 1981). It is clear that those rules have been complied with here, and the plaintiff's sole argument – that he has no legitimate claim to settle – draws none of those rules into question. Nor does the plaintiff argue otherwise.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Massachusetts Casualty Insurance Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972). "[W]here material facts concerning the existence of an agreement to settle are in dispute, the entry of an order enforcing an alleged settlement agreement without a plenary hearing is improper." *Id*. No hearing is required here because the only factual dispute the plaintiff asserts – whether he assigned all his claims to Asset – is immaterial.

For the reasons set forth above, the defendants' motion to enforce settlement agreement is **granted**. The plaintiff is **ordered** to execute the settlement agreement containing the agreed settlement terms. (Doc. 18-7 at 2; Doc. 19 at 5). The parties are **ordered** to file, on or before **June 29, 2021**, confirmation that the settlement agreement has been executed by all parties.

DONE and ORDERED this 15th day of June, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

tort claims cannot be assigned to a third-party due to the personal nature of the claim." *Id*. at 1230. According to *City of Birmingham v. Walker*, 101 So. 250 (Ala. 1958), on which *Thomas* relied, the analysis is a bit more nuanced: "purely personal" torts are not assignable, but torts "to real or personal property, by which its value is diminished, … survive … and are in consequence assignable." *Id*. at 259 (internal quotes omitted). The plaintiff's negligence and wantonness claims appear to fall within the former category, which cannot lawfully be assigned. Nor is there language in the conveyance indicating an intent to assign such claims.